IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JANE DOE,

      Plaintiff,

v.                                                       CV 18-0236 JHR/LF

THE BOARD OF COUNTY COMMISSIONERS
FOR THE COUNTY OF OTERO;
OTERO COUNTY SHERIFF BENNY HOUSE;
OTERO COUNTY DETENTION CENTER
DIRECTOR CAROLYN BARELA;
ERIC SCOTT KINDLEY,

      Defendants.

## ORDER GRANTING PARTIALLY OPPOSED MOTION TO EXTEND DEADLINES TO RESPOND TO PENDING MOTIONS

This matter comes before the Court on Plaintiff Jane Doe's Partially Opposed Motion to

Extend Deadlines to Respond to Pending Motions [Doc 69], filed October 10, 2019. In the Motion,

Plaintiff points out that a settlement conference previously set in this case has been reset to January

16, 2020. [*See* Doc. 68]. Plaintiff asks the Court to postpone her deadline to respond to the pending

dispositive motions filed by Defendants until thirty (30) days after the settlement conference,

making her responses due February 15, 2020. [Doc. 69, p. 3]. Defendants Board of County

Commissioners for the County of Otero, Benny House and Carolyn Barela, who are represented

by counsel, do not oppose the extension. [*Id.*]. However, Defendant Eric Kindley, who is

proceeding *pro se*, does. [*Id.*]. That said, Defendant Kindley did not file a response to Plaintiff's

Motion. [*See* Doc. 74]. More importantly, Plaintiff has indicated that resolution of her claims at

the settlement conference do not depend on Defendant Kindley's participation in it, as his prisoner

transport business carried no insurance and "[t]he parties are proceeding with the forthcoming

settlement conference with the understanding that a settlement between Plaintiff and the County Defendants would resolve all pending claims in this case against all of the named defendants, including Defendant Kindley." [Doc. 69, p. 2]. In other words, there is no need for the Court to resolve the pending dispositive motions prior to the settlement conference.

The Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Assuming that this case can be settled at the settlement conference, granting Plaintiff's Motion will serve the goal of securing an inexpensive determination of the action. Moreover, resolution of Defendant Kindley's dispositive motion will not aid the parties in settling the case, and his participation in the settlement conference is not necessary. Finally, Defendant Kindley's failure to serve a response to Plaintiff's Motion has consequences. Under this Court's Local Rules "[a] response must be served and filed within fourteen (14) calendar days after service of the motion[,]" D.N.M.LR-Civ. 7.4(a), and "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ. 7.1(b).

Wherefore, Plaintiff's Partially Opposed Motion [Doc. 69] is **granted**. Plaintiff shall serve her responses to Defendants' pending dispositive motions on or before February 15, 2020, assuming that this case is not settled at the January 16, 2020, settlement conference.

SO ORDERED.

_____
JERRY H. RITTER
U.S. MAGISTRATE JUDGE
*Presiding by Consent*